## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Globe Metallurgical, Inc., and<br>AGCS Marine Insurance Company<br>Plaintiffs, | §<br>§<br>§<br>§ | CIVIL ACTION<br><br>NUMBER: _____ |
| v. | §<br>§ | |
| M/V AFRICAN FALCON, her engines,<br>tackle, boilers, etc. *in rem,*<br>African Falcon Shipping Co. Ltd., and<br>MUR Shipping BV, *in personam*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | SECTION: ____<br><br><br>DIVISION: ____ |

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

Comes Now, Plaintiffs, Globe Metallurgical, Inc. (hereinafter "Globe") and AGCS Marine Insurance Company (hereinafter "AGCS") (collectively "Plaintiffs") by and through the undersigned counsel, complaining of the M/V AFRICAN FALCON, *in rem*, African Falcon Shipping Co. Ltd. (hereinafter "AFS"), and MUR Shipping BV (hereinafter "MUR") (collectively "Defendants"), *in personam*, who alleges upon information and belief:

### For a First Cause of Action

**1.**

This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or pursuant to 9 U.S.C.A. § 8, for all purposes including preservation of *in rem* security for arbitration.

1

**2.**

At and during all the times hereinafter mentioned, Globe was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may be or may become interested in the subject cargo. Globe had and now has the legal status and principal office and place of business stated in Schedule A attached.

**3.**

At all times pertinent hereto, plaintiff, AGCS was and now is an insurance company, duly organized, created and existing pursuant to the laws of Illinois.

**4.**

At pertinent times, AFS and MUR had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that the court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

**5.**

On or about November 30, 2014, at the port of Darrow, Louisiana, the M/V AFRICAN FALCON and defendants AFS and MUR received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Richards Bay, South Africa all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading including, but not

2

necessarily limited to, bill of lading No. AES ITN: X20141126529110, which bill of lading was then and there signed and delivered to the shipper of said cargo by the duly authorized agent, representative and/or employee of defendants and the M/V AFRICAN FALCON. Plaintiffs refer to said bill of lading for greater certainty as to the contract of carriage which it represents and will produce the original or a copy thereof at trial.

**6.**

Thereafter, the vessel arrived at the Port of Richards Bay, South Africa, where the defendants failed to deliver the cargo in like good order and condition, but rather the cargo was found short delivered, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants, AFS and MUR breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

### For a Second Cause of Action

**7.**

Plaintiff re-alleges and re-avers the allegations of Paragraphs 1-6 of the First Cause of Action, as if set forth *in extenso*.

**8.**

Plaintiff further alleges, in the alternative and without waiving any of the foregoing, that defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition or short delivered, which condition did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**9.**

Prior to the commencement of this action, plaintiff became the owner for value of the cargo mentioned above and the covering bill(s) of lading. At all times pertinent hereto, plaintiffs were the shippers, consignees, owners and/or subrogated underwriters of the shipment and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

**10.**

At all times pertinent hereto, plaintiff, Allianz was the insurer of the aforementioned cargo, and by virtue of the loss and damage described hereinabove was required to and has paid its insured for the insured portion of the loss sustained by it, and is therefore, both legally and contractually subrogated to the rights of its insured to the extent of its aforesaid payments.

**11.**

Plaintiffs and their predecessors in title have duly performed all duties and obligations on their part to be performed.

**12.**

By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of EIGHT HUNDRED TWENTY-ONE THOUSAND AND NO/100 DOLLARS ($821,000.00).

**13.**

By reason of the premises, plaintiff has a preferred maritime lien against the M/V AFRICAN FALCON, her engines, boilers, etc., for its aforesaid loss in the sum of EIGHT HUNDRED TWENTY-ONE THOUSAND AND NO/100 DOLLARS ($821,000.00) with interest

thereon and its costs and disbursements, and plaintiffs are entitled to be paid by preference and priority from the sale of said vessel.

**14.**

All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

**WHEREFORE**, Plaintiffs pray:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiffs against defendants, or one or more of them, for the amount of plaintiffs' damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, *etc.*, and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court enter a judgment in favor of plaintiffs and against defendants for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiffs such other and further relief as may be just and proper.

Respectfully submitted,

**PUGH, ACCARDO, HAAS,
RADECKER & CAREY, LLC**

BY:   _s/Christopher E. Carey_
CHRISTOPHER E. CAREY (#1751)
ERZSEBET M. PIFKO (#33315)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163-1132
Telephone: 504-799-4548
Facsimile: 504-799-4520
ccarey@pugh-law.com
epifko@pugh-law.com
_Attorneys for Plaintiff, Globe Metallurgical, Inc.
and AGCS Marine Insurance Company_

**OF COUNSEL:**
HILL RIVKINS LLP
John Sullivan
Andrew Warner
45 Broadway, Suite 1500
New York, New York 10006
Tel:  (212) 669-0600
Facsimile:  (212) 669-0698
Email:  awarner@hillrivkins.com
        jsullivan@hillrivkins.com

**Please Issue Summonses and Certified Copies of Complaint for Service of Process As
Follows:**

**African Falcon Shipping Co. Ltd.**
c/o MUR Shipping BV
Tower H, World Trade Center
Amsterdam, Zuidplein 164
1077 XV
Amsterdam, Netherlands

And;

**MUR Shipping BV**
Tower H, World Trade Center
Amsterdam, Zuidplein 164
1077 XV
Amsterdam, Netherlands

**Please withhold _in rem_ service pending further notification from plaintiff's counsel.**

6

## VERIFICATION

THE STATE OF LOUISIANA          *
                                *
PARISH OF ORLEANS               *

Christopher E. Carey, being duly sworn, deposes and says:

I am an attorney and member of the firm of Pugh, Accardo, Haas, Radecker & Carey, LLC, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Christopher E. Carey

Subscribed and sworn to before me, the undersigned authority, this the 28st day of December, 2015.

_____
Notary Public, State of Louisiana

My Commission Expires @ death

7

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Globe Metallurgical, Inc.,** was and now is a corporation with an office and place of business at P.O. Box 157, County Road 32, Beverly, Ohio 45715.

**M/V AFRICAN FALCON** was at all material times a general cargo ship, owned and/or operated and/or chartered by African Falcon Shipping Co., Ltd. and MUR Shipping BV.  On information and belief, the vessel was and is flagged in the Bahamas.  The vessel was built in 2003, and has a gross tonnage of 17,944.

Defendant, **African Falcon Shipping Co. Ltd.** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Louisiana and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Louisiana, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Louisiana under the Louisiana  Long-Arm Statute, in care of its home office at:

African Falcon Shipping Co. Ltd.
c/o MUR Shipping BV
Tower H, World Trade Center
Amsterdam, Zuidplein 164
1077 XV
Amsterdam, Netherlands


Defendant, **MUR Shipping BV**, was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Louisiana and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Louisiana, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Louisiana under the Louisiana Long-Arm Statute, in care of its home office at:

MUR Shipping BV
Tower H, World Trade Center
Amsterdam, Zuidplein 164
1077 XV
Amsterdam, Netherlands

## DESCRIPTION OF SHIPMENT

Vessel:                          M/V AFRICAN FALCON

Date of Shipment:                November 30, 2014

Port of Shipment:                Darrow, La.

Port of Discharge:               Port of Richards Bay, South Africa

Shipper:                         HTS America LLC

Consignee:                       Silicon Technology (PTY) Ltd.

Description of Shipment:         Coal in Bulk

Nature of Loss or Damage:        Physical damage

Amount:                          @ $821,000.00

9583.43/Pleadings/Complaint